# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Lorena Thomas | § | Case No. 14-39056 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 10/28/2014 . The undersigned trustee was appointed on 10/28/2014 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---:|
| 4. The trustee realized gross receipts of | $ | 12,500.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 3,024.86 |
| Bank service fees | | 10.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 9,465.14 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 05/25/2016 and the deadline for filing governmental claims was 05/25/2016 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,000.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 2,000.00 , for a total compensation of $ 2,000.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 109.36 , for total expenses of $ 109.36 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/03/2017                    By: /s/Cindy M. Johnson
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 14-39056 | PSH | Judge: | Pamela S. Hollis | Trustee Name: | Cindy M. Johnson |
|---|---|---|---|---|---|---|
| Case Name: | Lorena Thomas | | | | Date Filed (f) or Converted (c): | 10/28/2014 (f) |
| | | | | | 341(a) Meeting Date: | 11/19/2014 |
| For Period Ending: | 05/03/2017 | | | | Claims Bar Date: | 05/25/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking Account With Chase | 750.00 | 750.00 | | 0.00 | FA |
| 2. Savings Account Joint With Estranged Husband - Chase | 1,500.00 | 0.00 | | 0.00 | FA |
| 3. Checking Account Joint With Estranged Husband - Chase | 200.00 | 200.00 | | 0.00 | FA |
| 4. Savings Account With Chase | 900.00 | 0.00 | | 0.00 | FA |
| 5. Misc Household Goods | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. Used Clothing | 750.00 | 0.00 | | 0.00 | FA |
| 7. Ira With Fidelity - Zero Balance | 0.00 | 0.00 | | 0.00 | FA |
| 8. Fraudulent Transfer Recovery (u) | 0.00 | 12,500.00 | | 12,500.00 | FA |
| 9. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 10. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 11. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 12. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 13. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 14. Void (u) | 0.00 | N/A | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)        $5,100.00        $13,450.00        $12,500.00        $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee will be retaining counsel to file fraudulent transfer action.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Exhibit A

| | | | |
|---|---|---|---|
| RE PROP # | 9 | -- | This asset appeared to be added and exempted in amended schedules filed 11/15/16 (doc. 33)  - Trustee added asset into program and then noticed that the amended schedule was for a different debtor filed in the wrong case.  Asset voided. |
| RE PROP # | 10 | -- | This asseet appeared to be added in amended schedules filed 11/15/16 (doc. 33)  - Trustee added asset into program and then noticed that the amended schedule was for a different debtor filed in the wrong case.  Asset voided. |
| RE PROP # | 11 | -- | This asset appeared to be added in amended schedules filed 11/15/16 (doc. 33)  - Trustee added asset into program and then noticed that the amended schedule was for a different debtor filed in the wrong case.  Asset voided. |
| RE PROP # | 12 | -- | Thie asset appeared to be added and exemption added in amended schedules filed 11/15/16 (doc. 33) -  - Trustee added asset into program and then noticed that the amended schedule was for a different debtor filed in the wrong case.  Asset voided. |
| RE PROP # | 13 | -- | Asset appeared to be added and exempted on amended schedules filed 11/15/16 (doc. 33)  - Trustee added asset into program and then noticed that the amended schedule was for a different debtor filed in the wrong case.  Asset voided. |
| RE PROP # | 14 | -- | Asset appeared to be Added and exemption added in amended schedules filed 11/15/16 (doc. 33) - Trustee added asset into program and then noticed that the amended schedule was for a different debtor filed in the wrong case.  Asset voided. |

Initial Projected Date of Final Report (TFR): 05/18/2017        Current Projected Date of Final Report (TFR): 05/18/2017

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 14-39056 | Trustee Name: Cindy M. Johnson |
| Case Name: Lorena Thomas | Bank Name: BOK Financial |
| | Account Number/CD#: XXXXXX0352 |
| | Checking |
| Taxpayer ID No: XX-XXX7741 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 05/03/2017 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/14/17 | 8 | BMW Financial Services NA, LLC<br>5550 Britton Parkway<br>Hilliard, OH 43026 | Fraudulent Transfer Recovery | 1141-000 | $12,500.00 | | $12,500.00 |
| 03/15/17 | 101 | Zane L. Zielinski P. C.<br>The Law Office of Zane L. Zielinski, P.C.<br>6336 North Cicero Ave.<br>Suite 201<br>Chicago, IL 60646 | Compensation and Expenses<br>legal services and expenses | | | $3,024.86 | $9,475.14 |
| | | Zielinski P. C., Zane L. | Expenses                ($24.86) | 3220-000 | | | |
| | | Zielinski P. C., Zane L. | Compensation         ($3,000.00) | 3210-000 | | | |
| 03/31/17 | | BOK Financial | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $9,465.14 |

|   |   |   |
|---|---|---|
| COLUMN TOTALS | $12,500.00 | $3,034.86 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $12,500.00 | $3,034.86 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $12,500.00 | $3,034.86 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                                   Page Subtotals:          $12,500.00          $3,034.86

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0352 - Checking | $12,500.00 | $3,034.86 | $9,465.14 |
|  | $12,500.00 | $3,034.86 | $9,465.14 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $12,500.00 |
| Total Gross Receipts: | $12,500.00 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 14-39056  
Debtor Name: Lorena Thomas  
Claims Bar Date: 5/25/2016  

Date: May 3, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Cindy M. Johnson<br>140 S. Dearborn St., Suite 1510<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $2,000.00 | $2,000.00 |
| 100 2200 | Cindy M. Johnson<br>140 S. Dearborn St., Suite 1510<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $109.36 | $109.36 |
| 100 2700 | Clerk of the United States Bankruptcy Court | Administrative | Filing Fee for Adversary Proceeding | $0.00 | $350.00 | $350.00 |
| 100 3210 | Zane L. Zielinski P. C.<br>The Law Office of Zane L. Zielinski, P.C.<br>6336 North Cicero Ave.<br>Suite 201<br>Chicago, IL 60646 | Administrative | | $0.00 | $3,000.00 | $3,000.00 |
| 100 3220 | Zane L. Zielinski P. C.<br>The Law Office of Zane L. Zielinski, P.C.<br>6336 North Cicero Ave.<br>Suite 201<br>Chicago, IL 60646 | Administrative | | $0.00 | $24.86 | $24.86 |
| 2 280 5800 | Internal Revenue Service<br>Po Box 7346<br>Philadelphia, Pa 19101-7346 | Priority | | $12,000.00 | $7,477.56 | $7,477.56 |
| 1 300 7100 | American Infosource Lp As Agent For<br>Td Bank, Usa<br>Po Box 248866<br>Oklahoma City, Ok 73124-8866 | Unsecured | | $1,613.00 | $1,613.98 | $1,613.98 |
| 3 300 7100 | Quantum3 Group Llc As Agent For<br>Moma Funding Llc<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $3,939.17 | $3,939.17 |
| 4 300 7100 | Quantum3 Group Llc As Agent For<br>Moma Funding Llc<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $4,977.92 | $4,977.92 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 14-39056  
Debtor Name: Lorena Thomas  
Claims Bar Date: 5/25/2016  

Date: May 3, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 5 300 7100 | Quantum3 Group Llc As Agent For Moma Funding Llc Po Box 788 Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $1,530.97 | $1,530.97 |
| 6 300 7100 | Quantum3 Group Llc As Agent For Comenity Bank Po Box 788 Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $39.81 | $39.81 |
| 7 300 7100 | Capital One Bank (Usa), N.A. Po Box 71083 Charlotte, Nc 28272-1083 | Unsecured | | $2,931.00 | $3,009.38 | $3,009.38 |
| 8 300 7100 | Capital One Bank (Usa), N.A. Po Box 71083 Charlotte, Nc 28272-1083 | Unsecured | | $2,321.00 | $2,321.27 | $2,321.27 |
| 2 a 380 7300 | Internal Revenue Service P.O. Box 7317 Philadelphia, PA 19101-7317 | Unsecured | | $0.00 | $423.42 | $423.42 |
| | Case Totals | | | $18,865.00 | $30,817.70 | $30,817.70 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2

Printed: May 3, 2017

**UST Form 101-7-TFR (5/1/2011)** *(Page: 8)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-39056  
Case Name: Lorena Thomas  
Trustee Name: Cindy M. Johnson  

| | Balance on hand | $ | 9,465.14 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Cindy M. Johnson | $ 2,000.00 | $ 0.00 | $ 2,000.00 |
| Trustee Expenses: Cindy M. Johnson | $ 109.36 | $ 0.00 | $ 109.36 |
| Attorney for Trustee Fees: Zane L. Zielinski P. C. | $ 3,000.00 | $ 3,000.00 | $ 0.00 |
| Attorney for Trustee Expenses: Zane L. Zielinski P. C. | $ 24.86 | $ 24.86 | $ 0.00 |
| Charges: Clerk of the United States Bankruptcy Court | $ 350.00 | $ 0.00 | $ 350.00 |

Total to be paid for chapter 7 administrative expenses        $   2,459.36  
Remaining Balance                                              $   7,005.78  

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 7,477.56 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Internal Revenue Service | $ 7,477.56 | $ 0.00 | $ 7,005.78 |
| | Total to be paid to priority creditors | | | $ 7,005.78 |
| | Remaining Balance | | | $ 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 17,432.50 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Infosource Lp As Agent For | $ 1,613.98 | $ 0.00 | $ 0.00 |
| 3 | Quantum3 Group Llc As Agent For | $ 3,939.17 | $ 0.00 | $ 0.00 |
| 4 | Quantum3 Group Llc As Agent For | $ 4,977.92 | $ 0.00 | $ 0.00 |
| 5 | Quantum3 Group Llc As Agent For | $ 1,530.97 | $ 0.00 | $ 0.00 |
| 6 | Quantum3 Group Llc As Agent For | $ 39.81 | $ 0.00 | $ 0.00 |
| 7 | Capital One Bank (Usa), N.A. | $ 3,009.38 | $ 0.00 | $ 0.00 |
| 8 | Capital One Bank (Usa), N.A. | $ 2,321.27 | $ 0.00 | $ 0.00 |
| | Total to be paid to timely general unsecured creditors | | | $ 0.00 |

    Remaining Balance                                                                     $_____0.00

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 423.42 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 a | Internal Revenue Service | $ 423.42 | $ 0.00 | $ 0.00 |

    Total to be paid to subordinated unsecured creditors                     $_____0.00

    Remaining Balance                                                                     $_____0.00